EDNA BETZ, Petitioner, *v.* PETER HORR, Respondent.

Domestic Relations Court of City of New York, Family Court Division,
Queens County, October 14, 1936.

*Paul Windels, Corporation Counsel [Charles C. Weinstein* and
*Benjamin Rosen* of counsel], for the petitioner.

*Sidney Zimet,* for the respondent.

PANKEN, J.   On this application to vacate an order made requiring the respondent to contribute to the support of his daughter, who is twenty-three years of age, counsel for the respondent urges that neither this court nor any other court has jurisdiction in the matter and hence had no power to make the order hereinabove referred to.

This matter came on before me on a petition by Edna Betz against her father, Peter Horr.   The facts as I find them to be in the case are as follows:

Miss Betz is now twenty-three years of age.   She is the legitimate daughter of the respondent.   That question is conceded. Some time before the child reached the age of twelve, her mother, the wife of the respondent, had passed out of this life.   When she reached the age of twelve, by an order entered by Mr. Justice HUMPHREY of the Supreme Court of the State of New York, the then child was adopted by her maternal grandparent.   She continued to be provided for by her grandparent as long as he was able.   Illness overtook her and for several years she was at St. Anthony's being treated for the illness from which she suffered. Some little while ago she was discharged from St. Anthony's, the inroads of her illness having been arrested.   Miss Betz is not now and it is questionable whether she will be able for some time to engage in any productive or remunerative employment.   She is industrially incapacitated.   She has no property.   She has no independent means whereby she can support herself.   The petition and

the testimony thereon establish that she is likely to become a public charge.

The question before me is one of law. Has the adoption order, entered by Mr. Justice HUMPHREY, relieved the respondent herein, the natural father of the petitioner, from every obligation under any and all conditions to be answerable in law for her support? The order of adoption relieves the respondent herein from any obligation for the support of the child adopted as between himself and the adopting parent.

Under the law, the adopting parent assumes all obligations to support, provide and look after the infant child. That is tantamount to a contract sanctioned by law. Adoption is statutory. That statute determines the rights of the parties concerned. Does the order permitting adoption deprive the child of its rights?

Section 114 of the Domestic Relations Law, in so far as it affects the proceeding in this application, reads: " Effect of adoption. Thereafter the parents of the person adopted are relieved from all parental duties toward, and of all responsibility for, and have no rights over such a child, or to his property by descent or succession."

A reading of the above-quoted portion of section 114 of the Domestic Relations Law would apparently indicate that the natural parent is relieved of all responsibility for or toward his child adopted by order of a court of competent jurisdiction by another, and may not take by inheritance any of the property of which the child might die possessed of. That provision of the statute limits in part the obligations of the parent as well as his rights.

If the section said nothing else, I might be constrained to find that the intention of the Legislature was to relieve a natural parent from all responsibility for, and liability to, a child that may need help from the natural parent. The section, however, further reads as follows, referring to the adopted child: " His rights of inheritance [that means the rights of the child adopted] and succession from his natural parents remain unaffected by such adoption."

To find the intention of the Legislature when enacting a law, recourse should not be had to one part of a section. The entire section should be read as a whole and the intention of the Legislature be deduced from the whole rather than from a part.

While a natural parent may not by inheritance take from a child, of whom he has relieved himself, the statute specifically reserves to the child its rights to take from the parent who had relieved himself of the responsibility for the child.

As to the rights of the natural parent and the adopting parent,

the adopting parent takes by inheritance from the child and the child takes by inheritance from the adopting father. It would seem that it was the intention of the Legislature not to permit a parent who seeks to relieve himself of the responsibility for the child to divest that child of its rights under the common and statute law.

The question before me, in so far as I have been able to ascertain, has not been passed upon directly by the courts. No case in point has been submitted to me either by counsel for the respondent or by the corporation counsel of the city of New York. An opinion handed down by the Attorney-General of the State of New York, at the request of the Department of Social Welfare of the State of New York, is the only expression on the law called to my attention. That opinion does not deal with a situation such as is before me.

In 1920 Mr. Justice CROPSEY in the Supreme Court in the case of *Gross* v. *Gross* (110 Misc. 278) said: " The whole statute shows that after an adoption the natural parent is no longer deemed to be the parent of the person adopted for any purpose, except that the adopted person may inherit from him." That, in my judgment, does not determine the problem before me. The community is vitally interested as a party to the question. The adopting parent being unable to provide for the industrially incapacitated and physically handicapped dependent unless, under the law, the natural parent when financially able to provide for the dependent be required to do so, the city or the community would be shouldered with that obligation.

Assuming that the adopting parent, immediately after the adoption, is unable to provide for an adopted child, and the natural parents are financially and otherwise quite able to provide for the child of whose responsibility they relieved themselves, and the adopting parents and the child become or are likely to become public charges, can it be said that, as between the natural parents and the city, the city is to carry the obligation to support the child when the natural parents are financially able to do so? That, in my judgment, was not the intention of the Legislature. It would be against public policy.

It is disclosed in this proceeding that the city will have to provide for the indigent and the dependent petitioner if the natural parent is relieved of the obligation to do so. The city was not a party to the adoption proceedings. It might be argued that the city, being a creature of the Legislature, is not entitled to be a party to any adoption proceeding since no explicit provision was made in the statute for that eventuality. That again poses the

question: Did the Legislature by its act intend to relieve a natural parent financially able to provide for a dependent child because the defendant had been adopted by someone else and require the taxpayers to assume the obligation? That could not have been the intention of the State Legislature.

The city did not assume any obligation with relation to the adopted child as between either the parent or the adopting parent. The community, as a whole, when an adopted person is a public charge or is likely to become a public charge, has recourse to either the natural or the adopting parent. It is certainly in no worse position than the adopted person. I have already adverted to the fact that under the statute an adopted person takes by inheritance from both the natural and the adopting parent.

The precise question, in a case such as is before me, when the adopting parent is not in a position to provide for the adopted person, the natural parent should be made to provide, has not been passed upon.

The Domestic Relations Court Act, section 101, subdivision 4, specifically provides as follows: " The parents, the grandparents, the children and the grandchildren of a dependent adult who has been a resident of the city at any time during the twelve months preceding the filing of the petition for his support, and who is unable to maintain himself and is likely to become a public charge are hereby declared to be severally chargeable with the support of such poor relative."

The Domestic Relations Court Act thus does not exclude from liability for the support of a dependent person one who claims that he has relieved himself from responsibility for the support of a dependent by an adoption.

It has been said by the United States Supreme Court that the law must be interpreted in the light of reason. A reasonable construction of the law permits no escape from the conclusion that a parent by reason of his own act cannot relieve himself of an obligation and shift it to the shoulders of the community.

Judge CARDOZO has expressed as his view that " the law must be stable; it must not be static." On another occasion he expressed the viewpoint that the spirit and intention of parties must be taken into account when construing their relationship. That is equally true when construing a legislative act. Words give effect to intentions. The intentions are found not only in the words but in the spirit and purpose and objective of a legislative act. The purpose of a legislative act cannot be determined by splitting up a section into several parts and resting it upon one portion thereof.

The validity of an adoption is not put in question. As a matter of public policy, adoption orders should be given force and the rights of parties under adoption orders protected. But the protection which is to be accorded to parties benefited by an adoption order shall not be at the expense of the community.

I conclude that the adoption did not relieve the parent of his obligation, and that it was not the intention of the Legislature to extinguish completely by adoption the natural rights of a child in relation to its parent. The Legislature by the enactment of the Domestic Relations Law did not eliminate the responsibility of a parent to provide for his or her dependent when that dependent is or is likely to become a public charge. As between the State and the individual, as between the community and the parent, the obligation to provide for one's dependent rests in the first instance upon the parent rather than upon the community.

The motion to vacate the order is denied and the order is continued.